UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN DAVIS DANZELL, III | CIVIL ACTION NO. 10-1536 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BANK OF AMERICA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before this Court is a Motion to Dismiss and in the Alternative, Motion for Summary Judgment filed by the Defendant, Bank of America. (Record Document 15). Noting that this Motion is unopposed by *pro se* Plaintiff John Davis Danzell, III ("Danzell"), after a review of the record, Defendant's Motion is hereby **GRANTED**.

On September 15, 2006, Danzell executed a promissory note ("Note") in favor of Countrywide Home Loans, Inc. (Record Document 15-1 at 1). This Note was secured by a Mortgage on property located at 5741 Shoreline Drive, Shreveport, Louisiana 71119. (Record Document 15-1 at 2). Bank of America subsequently became the holder of the Note. Ultimately, Danzell became delinquent on his payment obligations under the Note. See id. Bank of America eventually foreclosed on the aforementioned property, obtaining a writ of seizure and sale from a Louisiana state court. See id. Danzell brings this civil action seeking damages because "Defendant wrongly processed Plaintiff's home to Sheriff's Sale, despite the Plaintiff's effort to resolve the mortgage hardship, and without reaching a resolution to the corrective processes previously engaged." (Record Document 1).

Rule 12(b)(1) states that a claim must be dismissed if this Court lacks jurisdiction over the matter. Fed. R. Civ. Pro. 12(b)(1). "When a motion to dismiss for lack of jurisdiction

is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Crenshaw-Logal v. City of Abilene, Tex, 2011 WL 3363872 (5th Cir. 2011). The burden of proof for a jurisdictional attack lies with the party asserting jurisdiction. In re FEMA Trailer Formadlehyde Products 646 F.3d 185, 189 (5th Cir. 2011).

Bank of America contends that this Court does not have jurisdiction over this claim because Danzell is attacking a state court writ of seizure and sale. Bank of America argues the Rooker-Feldman Doctrine should apply. The Fifth Circuit has stated:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."

Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004).

The First Judicial District Court of Louisiana issued an writ on June 30, 2009 directing the sheriff to seize and sell Danzell's property. (Record Document 15-1 at 7). Danzell did not seek to enjoin, stay or appeal this court ordered writ. See id. The claim before this Court, in essence, is an attack on the validity of Bank of America's right to foreclose on Danzell's property due to Danzell's efforts to resolve the mortgage hardship. (Record Document 1 at 2). Danzell has demanded the value of his home and a permanent injunction against Bank of America. A judgment of this Court awarding Danzell his demands would be no more than a reversal of the state court proceedings authorizing seizure and sale.

Since the claims brought before this Court are "inextricably intertwined" with a state court order, it would be inappropriate for this Court to hear them. Danzell's proper remedy lied with the state court that issued the writ authorizing the sale and seizure of his property, not with this Court.

Accordingly, after reviewing Bank of America's unopposed Motion, this Court lacks subject matter jurisdiction to hear this case.

**IT IS ORDERED** that Bank of America's Motion to Dismiss (Record Document 15) is **GRANTED**. The Clerk of Court is ordered to close this case.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of October, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE